1  DAVID W. NELSON (SBN 240040)
   dnelson@btlaw.com
2  **BARNES & THORNBURG LLP**
   2029 Century Park East, Suite 300
3  Los Angeles, California 90067
   Telephone:  310.284.3880
4  Facsimile:   310.284.3894

5  Attorneys for Plaintiff
   R & B REALTY GROUP

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R & B REALTY GROUP, a California limited partnership,<br><br>Plaintiff,<br><br>v.<br><br>OAKPOINT APARTMENTS, LLC, a California limited liability company,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR:**<br><br>(1) **TRADEMARK INFRINGEMENT [SECTION 32 OF THE LANHAM ACT, 15 U.S.C. § 1114];**<br><br>(2) **UNFAIR COMPETITION [SECTION 43(A) OF THE LANHAM ACT, 15 U.S.C. § 1125(A)];**<br><br>(3) **TRADEMARK DILUTION [15 U.S.C. § 1125(C)];**<br><br>(4) **TRADEMARK INFRINGEMENT [CAL. BUS. & PROF. CODE § 14245];**<br><br>(5) **TRADEMARK DILUTION [CAL. BUS. & PROF. CODE § 14247]; AND**<br><br>(6) **UNFAIR COMPETITION [CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200];**<br><br>**[DEMAND FOR JURY TRIAL]** |

Plaintiff R & B Realty Group d/b/a Oakwood Worldwide ("Oakwood") is a leading name in residential real estate leasing and rental services. Through over 40 years of building brand recognition and providing superior accommodations and services, the "Oakwood" name has become synonymous with high quality residential housing. Defendant Oakpoint Apartments, LLC ("Defendant") now seeks to trade on the brand recognition and goodwill that Oakwood has built up through years of service and marketing, by operating a residential apartment under the "Oakwood" name and using a stylized logo substantially similar to Oakwood's stylized registered trademark. In this case, imitation is not at all flattery – it is merely theft of Oakwood's hard earned name and intellectual property.

To remedy this wrongful conduct, Oakwood brings this Complaint against Defendant for (1) trademark infringement under Section 32 of the Lanham Act, (2) unfair competition under Section 43(a) of the Lanham Act, (3) trademark dilution under 15 U.S.C. § 1125(c), (4) trademark infringement under Cal. Bus. & Prof. Code § 14245, (5) trademark dilution under Cal. Bus. & Prof. Code § 14247, and (6) unfair competition under Cal. Bus. & Prof. Code § 17200, *et seq.*, and alleges as follows:

## JURISDICTION

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338, and 1367, because this matter is a civil action arising, in part, under the laws of the United States – namely, the Lanham Act, 15 U.S.C. § 1051, *et seq.* – and in part under state law claims that are subject to supplemental jurisdiction under 28 U.S.C. § 1367.

2. Venue is proper in the United States District Court for the Eastern District of California under 28 U.S.C § 1391(b)(2) because the primary infringement occurred, and is occurring, in Carmichael, California, which is within the Eastern District of California.

## THE PARTIES

3. Oakwood is a California limited partnership with its principal place of business in Los Angeles, California.

4. On information and belief, Defendant is a California limited liability company, with its principal place of business in Saratoga, California.

5. On information and belief, Defendant owns an apartment building located at 5018 Marconi Avenue in Carmichael, California (the "Infringing Property").

## GENERAL ALLEGATIONS

### OAKWOOD'S DEVELOPMENT AND CULTIVATION OF ITS TRADEMARKS

6. Oakwood traces its origins to 1960, when R & B Realty Group's namesakes – Howard Ruby and Bob Franks – began their careers managing small apartment buildings in California. In 1969, Howard Ruby created the "Oakwood" brand, and began using the "Oakwood" designation in connection with the operation and management of residential apartments in California.

7. In the years since, Oakwood has expanded its business and brand throughout the Unites States and worldwide. Now with over 25,000 locations, including approximately 50 locations in Northern California, Oakwood had become a premier name in residential real estate rental and leasing services.

8. Oakwood has developed and extensively uses certain trademarks, service marks, trade names, logos, emblems, and indicia of origin, for the purpose of identifying the source, origin, and sponsorship of Oakwood apartments and real estate rental and leasing services. These marks include, but are not limited to, the standard character mark "Oakwood" and the stylized *Oakwood* mark (the "Oakwood Marks"). The Oakwood Marks are registered on the Principal Register of the United States Patent Office, Reg. Nos. 2102611 and 2405436, and are incontestable under Section 15 of the

1  Lanham Act, 15 U.S.C. § 1065. Copies of the registrations for the Oakwood Marks are
2  attached hereto as Exhibit A.

3      9. Oakwood has given notice to the public of the registration of the Oakwood
4  Marks as provided in 15 U.S.C. § 1111 and complies with all legal requirements to
5  ensure that Oakwood remains the exclusive owner of the Oakwood Marks.

6      10. Since its first use in commerce in 1970, Oakwood has continuously used
7  the "Oakwood" name in interstate commerce, and the State of California, in connection
8  with its real estate rental and leasing services. Oakwood has continuously used the
9  stylized *Oakwood* mark in interstate commerce, and the State of California,
10 since 1997.

11     11. Oakwood has extensively advertised and promoted its residential real estate
12 rental and leasing services offered under the Oakwood Marks throughout the United
13 States, including throughout California, through various media. As a result of such
14 efforts and the considerable money spent in connection therewith, the real estate rental
15 and leasing services offered by Oakwood under the Oakwood Marks have met with
16 widespread public approval and have established demand and goodwill among
17 consumers throughout the United States, including in California. Consumers have come
18 to immediately recognize and associate the Oakwood Marks with Oakwood and its
19 products and services.

20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///

## DEFENDANT'S UNAUTHORIZED USE OF THE "OAKWOOD" NAME AND CONFUSINGLY SIMILAR STYLIZED MARK

12.     Oakwood recently learned that Defendant is operating an apartment building – the Infringing Property – using the "Oakwood" name and a logo confusingly similar to the stylized *Oakwood* mark (the "Infringing Marks"). The pictures below show some of the signage at the Infringing Property:





13. On August 20, 2013, Oakwood sent a cease and desist letter to Defendant demanding that it discontinue the unauthorized use of the Infringing Marks in connection with the Infringing Property. Nonetheless, Defendant failed to respond to Oakwood's letter and has not ceased its unauthorized use of the Infringing Marks.

14. Given the prominence of the Oakwood Marks, built up through years of service and marketing, when the public sees the name "Oakwood" – and particularly the *Oakwood* stylized mark – used in connection with residential real estate rentals, they invariably associate the real estate and rental services with Oakwood.

15. Thus, Defendant's use of the Infringing Marks has caused confusion, and threatens to continue causing confusion, in the eyes of the public. Through the unauthorized use of the Infringing Marks, Defendant deceptively holds itself out to the public as being Oakwood, or as being associated with, or sponsored by, Oakwood. As a result, Defendant is unjustly benefitting from the substantial goodwill that Oakwood has developed in the Oakwood Marks through years of business and millions of dollars spent on advertising and marketing. Moreover, Defendant's use of the Infringing Marks will cause a dilution of the Oakwood Marks and will tarnish the Oakwood Marks through the association with products and services that Oakwood does not authorize and cannot control.

## FIRST CLAIM FOR RELIEF

**Trademark Infringement**

**[Lanham Act § 32; 15 U.S.C. § 1114]**

**(Oakwood Against Defendant)**

16. Oakwood repeats and realleges each of the allegations set forth in paragraphs 1 through 15, above, as though set forth in full herein.

17. Oakwood is the owner of the Oakwood Marks, with the right to enforce the Oakwood Marks. Defendant is not authorized to use any of the Oakwood Marks or the Infringing Marks.

18. Prior to Defendant's unauthorized use of the Infringing Marks in the United States, Oakwood made use of Oakwood Marks in the United States in connection with, inter alia, real estate rental and leasing services.

19. Oakwood has made extensive use of the Oakwood Marks and has expended substantial funds to advertise, promote, and market its products and services under the Oakwood Marks. Oakwood has made, and continues to make, a substantial investment in the Oakwood Marks and the products and services provided under the Oakwood Marks.

20. The Infringing Marks are reproductions, counterfeits, copies, or colorable imitations of the Oakwood Marks.

21. Without Oakwood's consent, Defendant has used the Infringing Marks in connection with the sale, distribution, offering for sale, and advertising of products and services in the United States in a manner likely to cause confusion or mistake, or to deceive as to the source of Defendant's products and services. The unauthorized use of the Infringing Marks was done by Defendant with knowledge and intent to create confusion or mistake, or to deceive as to the source of Defendant's products and services.

22. Defendant's use of the Infringing Marks has caused, and unless enjoined will continue to cause, substantial and irreparable injury to Oakwood for which Oakwood has no adequate remedy at law, including but not limited to substantial and irreparable injury to the goodwill and reputation associated with the Oakwood Marks.

23. Defendant's unauthorized use of the Oakwood Marks has injured and will continue to injure Oakwood's image and reputation with consumers by creating confusion about, and dissatisfaction with, Oakwood's products and services, resulting in

lost sales and a diminution in the value of Oakwood's goodwill associated with the Oakwood Marks.

24. Defendant's actions have been willful, intentional, and malicious, and have been done with knowledge and intent to create confusion or mistake, or to deceive as to the source of Defendant's goods.

25. Oakwood is entitled to an injunction, recovery of Defendant's profits, actual damages, treble profits and damages, costs, and reasonable attorneys' fees. Moreover, this is an exceptional case authorizing attorneys' fees under 15 U.S.C. §1117(a).

## SECOND CLAIM FOR RELIEF

**Unfair Competition**

**[Lanham Act § 43(a); 15 U.S.C. § 1125(a)]**

**(Oakwood Against Defendant)**

26. Oakwood repeats and realleges each of the allegations set forth in paragraphs 1 through 25, above, as though set forth in full herein.

27. Oakwood is the owner of the Oakwood Marks, with the right to enforce the Oakwood Marks. Defendant is not authorized to use any of the Oakwood Marks or the Infringing Marks.

28. In connection with the sale of goods and services, Defendant has used in commerce and in competition with Oakwood the Infringing Marks, which are unauthorized reproductions of, or colorable imitations of, the Oakwood Marks, which uses are likely to cause confusion, and/or cause mistake, and/or deceive consumers concerning the affiliation, sponsorship, connection and/or association between Oakwood and Defendant, and/or Oakwood's sponsorship and/or approval of Defendant's products and services. Consumers are likely to rent properties from Defendant in the mistaken

belief that Defendant is affiliated, connected, or associated with Oakwood, or is in fact Oakwood.

29. Defendant's actions have caused, and unless enjoined will continue to cause, substantial and irreparable injury to Oakwood for which Oakwood has no adequate remedy at law, including but not limited to substantial and irreparable injury to the goodwill and reputation associated with the Oakwood Marks.

30. Defendant's actions have been willful, intentional, and malicious, and have been done with knowledge and intent to confuse the public as to Defendant's sponsorship by, and/or association with, Oakwood for the purpose of injuring Oakwood and reaping the benefits of Oakwood's goodwill and reputation associated with the Oakwood Marks.

31. As a result of Defendant's actions, Oakwood has been damaged by, *inter alia*, the loss of sales and the loss of goodwill and reputation associated with the Oakwood Marks.

32. Oakwood is entitled to injunctive relief, recovery of Defendant's profits, actual damages, treble profits and damages, costs, and reasonable attorneys' fees. Moreover, this is an exceptional case authorizing attorneys' fees under 15 U.S.C. §1117(a).

## THIRD CLAIM FOR RELIEF

**Trademark Dilution**

[15 U.S.C. § 1125(c)]

**(Oakwood Against Defendant)**

33. Oakwood repeats and realleges each of the allegations set forth in paragraphs 1 through 32, above, as though set forth in full herein.

34. Oakwood is the owner of the Oakwood Marks, with the right to enforce the Oakwood Marks. Defendant is not authorized to use any of the Oakwood Marks or the Infringing Marks.

35. The Oakwood Marks are famous and have acquired distinctiveness through Oakwood's years of sales, marketing, and advertising its products and services using the Oakwood Marks. The Oakwood Marks are widely recognized by the general consuming public of the United States as a designation that Oakwood is the source of products and services using or sold in connection with the Oakwood Marks.

36. After the Oakwood Marks became famous, Defendant has commenced unauthorized use in commerce of the Infringing Marks.

37. Because of the similarity between the Oakwood Marks and the Infringing Marks, Defendant's use in commerce of the Infringing Marks is likely to impair the distinctiveness of the Oakwood Marks, causing dilution by blurring.

38. Because of the similarity between Oakwood Marks and the Infringing Marks, Defendant's use in commerce of the Infringing Marks is likely harm the reputation of the Oakwood Marks through a false association with Oakwood's goods and services, causing dilution by tarnishment.

39. Defendant's actions have caused, and unless enjoined will continue to cause, substantial and irreparable injury to Oakwood for which Oakwood has no adequate remedy at law, including but not limited to substantial and irreparable injury to the goodwill and reputation associated with the Oakwood Marks.

40. Defendant's actions have been willful, intentional, and malicious, and have been done with knowledge and intent to trade on the recognition of the Oakwood Marks and to harm the reputation of the Oakwood Marks.

41. As a result of Defendant's actions, Oakwood has been damaged by, *inter alia*, the loss of sales and the loss of goodwill and reputation associated with the Oakwood Marks.

42. Oakwood is entitled to injunctive relief, recovery of Defendant's profits, actual damages, treble profits and damages, costs, and reasonable attorneys' fees. Moreover, this is an exceptional case authorizing attorneys' fees under 15 U.S.C. §1117(a).

## FOURTH CLAIM FOR RELIEF
### Trademark Infringement
### [Cal. Bus. & Prof. Code § 14245]
### (Oakwood Against Defendant)

43. Oakwood repeats and realleges each of the allegations set forth in paragraphs 1 through 42, above, as though set forth in full herein.

44. Oakwood is the owner of the Oakwood Marks, with the right to enforce the Oakwood Marks. Defendant is not authorized to use any of the Oakwood Marks or the Infringing Marks.

45. The Infringing Marks used by Defendant without authorization are reproductions, conterfeits, copies, or colorable imitations of the Oakwood Marks.

46. Without Oakwood's consent, Defendant has used the Infringing Marks in connection with the sale, distribution, offering for sale, and advertising of its products and services in California in a manner likely to cause confusion or mistake, or to deceive as to the source of Defendant's goods and services. The unauthorized use of the Infringing Marks was done by Defendant with knowledge and intent to create confusion or mistake, or to deceive as to the source of Defendant's goods.

47. Defendant's actions have caused, and unless enjoined will continue to cause, substantial and irreparable injury to Oakwood for which Oakwood has no adequate remedy at law, including but not limited to substantial and irreparable injury to the goodwill and reputation associated with the Oakwood Marks.

48. Defendant's actions have been willful, intentional, and malicious, and have been done with knowledge and intent to to create confusion or mistake, or to deceive as to the source of Defendant's goods.

49. As a result of Defendant's actions, Oakwood has been damaged by, *inter alia*, the loss of sales and the loss of goodwill and reputation associated with the Oakwood Marks.

50. Oakwood is entitled to injunctive relief, recovery of Defendant's profits, actual damages, treble profits and damages, costs, and reasonable attorneys' fees.

## FIFTH CLAIM FOR RELIEF
### Trademark Dilution
### [Cal. Bus. & Prof. Code § 14247]
### (Oakwood Against Defendant)

51. Oakwood repeats and realleges each of the allegations set forth in paragraphs 1 through 50, above, as though set forth in full herein.

52. The Oakwood Marks are famous and have acquired distinctiveness through years of Oakwood's sales, marketing, and advertising of its products to California consumers using the Oakwood Marks. The Oakwood Marks are widely recognized by the general consuming public of California as a designation that Oakwood is the source of products and services using the Oakwood Marks.

53. After the Oakwood Marks became famous in California, Defendant has commenced unauthorized use in commerce of the Infringing Marks in California.

54. Defendant's unauthorized use of the Infringing Marks in California is likely to cause dilution of the Oakwood Marks.

55. Defendant's actions have caused, and unless enjoined will continue to cause, substantial and irreparable injury to Oakwood for which Oakwood has no

1  adequate remedy at law, including but not limited to substantial and irreparable injury to
2  the goodwill and reputation associated with the Oakwood Marks.

3  56. Defendant's actions have been willful, intentional, and malicious, and have
4  been done with knowledge and intent to create dilution of the Oakwood Marks.

5  57. As a result of Defendant's actions, Oakwood has been damaged by, *inter
6  alia*, the loss of sales and the loss of goodwill and reputation associated with the
7  Oakwood Marks.

8  58. Oakwood is entitled to injunctive relief, recovery of Defendant's profits,
9  actual damages, treble profits and damages, costs, and reasonable attorneys' fees.

## SIXTH CLAIM FOR RELIEF

### Unfair Competition

### [Cal. Bus. & Prof. Code § 17200]

### (Oakwood Against Defendant)

59. Oakwood repeats and realleges each of the allegations set forth in paragraphs 1 through 58, above, as though set forth in full herein.

60. Defendant has engaged in fraudulent and unfair business practices through the use of reproductions, counterfeits, copies, and/or colorable imitations of the Oakwood Marks, which is likely to cause, and has caused, consumer confusion regarding Defendant's association with and/or sponsorship by Oakwood. Consumers are likely to rent apartments from Defendant in the mistaken belief that Defendant is affiliated, connected, or associated with Oakwood.

61. Defendant has engaged in illegal business practices through its violations of the Lanham Act and California Bus. & Prof. Code §§ 14245 and 14247.

62. Defendant's unfair and unlawful business practices described above have caused, and unless enjoined will continue to cause, substantial and irreparable injury to Oakwood for which Oakwood has no adequate remedy at law, including but not limited

to substantial and irreparable injury to the goodwill and reputation associated with the Oakwood Marks. Oakwood has further suffered a loss of money and property as a result of Defendant's unfair competition, including from lost sales, diversion of revenue, loss of goodwill and diminution of value of the Oakwood Marks.

63.     Oakwood is entitled to injunctive relief against Defendant, along with restitution of monies belonging to Oakwood that were wrongfully obtained by Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Oakwood demands judgment against Defendant as follows:

A.   That Defendant and its agents, servants, employees, representatives, successors, and assigns, and all persons or entities in active concert or participation with Defendant, during the pendency of this action and permanently thereafter, be enjoined from:

    (1) using the Infringing Marks, or any marks that infringe upon the Oakwood Marks, in commerce in the United States;

    (2) using the Infringing Marks, or any marks that infringe upon the Oakwood Marks, in commerce in California;

    (3) engaging in any conduct, and/or contributing to any conduct, that is likely to confuse, mislead, or deceive purchasers, customers and/or members of the public to believe that Defendant's products and services are connected to, sponsored by, approved by, affiliated with or licensed by Oakwood; or

    (4) effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (1) – (3) herein;

B.   That Oakwood be awarded actual damages according to proof, and that such award be increased as provided by law;

1      C.    That Defendant account for, disgorge, and pay over to Oakwood all profits realized by Defendant by reason of Defendant's unlawful acts herein alleged, and that such award be increased as provided by law;

    D.    For costs and attorneys' fees pursuant to applicable law;

    E.    For prejudgment interest as permitted by law; and

    F.    For such other and further relief as the Court deems proper, just and equitable.

Dated: April 1, 2014        BARNES & THORNBURG LLP

By   /s/ David W. Nelson
       David W. Nelson
       Attorneys for Plaintiff
       R & B REALTY GROUP

## DEMAND FOR JURY TRIAL

Plaintiff R & B Realty Group demands a trial by jury on all issues herein.

Dated: April 1, 2014          BARNES & THORNBURG LLP

By  /s/ David W. Nelson
    David W. Nelson
    Attorneys for Plaintiff
    R & B REALTY GROUP